UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>Plaintiff,<br><br>v.<br><br>LT. BOULDIN, et al.,<br><br>Defendants. | No. 2:18-cv-1629 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On February 20, 2019, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The amended complaint was dismissed with leave to file a second amended complaint. In the screening order, plaintiff was informed as follows:

> Plaintiff asserts that on several separate occasions while he was housed at the Glenn County Jail, he was disciplined in the form of loss of "privileges" such as family visits and "canteen" without being provided copies of "incident reports" more than 24 hours before disciplinary hearings. Plaintiff does not indicate why he was disciplined nor the process afforded prior to discipline.
>
> Plaintiff is informed that pretrial detainees have due process protection for conduct that amounts to punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). But, "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense. Id. at 537. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective,

1

> it does not, without more, amount to 'punishment.'" Id. at 539. When process is required because conduct does amount to punishment, the process must include notice of the charges 24 hours before hearing, an opportunity to present documentary evidence and call witnesses, and a written statement from the factfinders as to the evidence relied upon and the reason for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

Plaintiff filed his second amended complaint on May 13, 2019 and that pleading is now before the court for screening. Plaintiff asserts that between June 30 and July 27, 2017 plaintiff was disciplined 10 times at the Glenn County Jail for jail infractions including, among other things, refusing to clean his cell and removal of an identification wrist band. Each time, plaintiff was denied canteen and family visits ranging from 7 to 30 days. In all, plaintiff was denied canteen and family visits for a total of about six months. Plaintiff seeks damages based on the fact that he never received written notice of the charges against him prior to any of the 10 disciplinary hearings.

Again, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds that the short-term deprivations of family visits and commissary privileges alleged by plaintiff are so de minimis that they do not demand due process protection pursuant to Bell v. Wolfish. See Bell, 441 U.S. at 539 n. 21 ("There is of course a *de minimis* level of imposition with which the Constitution is not concerned."). The same conclusion was recently reached in Peyton v. County of Ventura, No. CV 17-3202 VAP (AJW), 2017 WL 6816355, at *3 (C.D. Cal. Aug. 22, 2017):

> According to the [first amended complaint], plaintiff was subjected only to [6] short-term, temporary losses of commissary and visitation privileges [between 7 and 28 days in duration]. [Footnote omitted.] These restrictions are so "de minimis" that they do not amount to punishment under Bell, regardless of why they were imposed. See Bell, 441 U.S. at 539 n. 21 (defining "punishment" in terms of intent but noting that there is "a de minimis level of imposition with which the Constitution is not concerned") (quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)); Robles v. Prince George's Cty., Md., 302 F.3d 262, 269 (4th Cir. 2002) (stating that a pretrial detainee must show that official action was not "de minimis" to invoke due process protections); Senty-Haugen v. Goodno, 462 F.3d 876, 886 n. 7 (8th Cir. 2006) (holding that depriving a civil detainee of privileges such as canteen access and computer privileges does not implicate the Constitution); Wright v. Gutierrez, 2012 WL 1570619, at *9 (C.D. Cal. Apr. 3, 2012) (dismissing a pretrial detainee's procedural due process claims because the plaintiff did not have a protected liberty interest "in the temporary, de minimis loss of canteen and other privileges (making phone calls, attending various merit program rehabilitative classes, exercising, etc.) that do not constitute constitutional violations") (footnote omitted), report and recommendation adopted, 2012 WL 1570982 (C.D. Cal. May 3, 2012); Rhoden v. Carona, 2010 WL 4449711, at *22 (C.D. Cal. Aug. 24, 2010) (dismissing a civil detainee's complaint that he was punished for disciplinary infractions without being provided a hearing, stating: "Plaintiff complains of de minimis deprivations, i.e., short-term losses of privileges on three occasions, which do not constitute constitutional violations."), report and recommendation adopted, 2010 WL 4449590 (C.D. Cal. Nov. 1, 2010), aff'd, 618 Fed. Appx. 322 (9th Cir. 2015); cf. Demery, 378 F.3d at 1030 ("Nothing in Bell requires that, to be punishment, a harm must be independently cognizable as a separate constitutional violation (e.g., a deprivation of First Amendment rights, or a violation of a constitutional right to privacy). Rather, to constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement.").

The court concurs with the reasoning put forth by the Central District and the conclusion reached. Accordingly, the court will recommend that plaintiff's second amended complaint be dismissed for failure to state a claim upon which relief can be granted and that this case be closed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
corr1629.dis